WALTER HOPKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50984. Promulgated April 28, 1933.

*John B. Peery, C. P. A.,* for the petitioner.
*Philip A. Bayer, Esq.,* for the respondent.

**OPINION.**

MATTHEWS: The issue between the parties was stipulated as follows:

Did the distribution of the stock of the First National Securities Corporation of Baltimore, under the actions of the Board of Directors and stockholders of the Citizens National Bank of Baltimore, and the agreement between the said bank and the trustees herein referred to, constitute a taxable dividend from earnings subsequent to February 28, 1913, or was said distribution the distribution, to the stockholders of said bank, of the stock of a corporation, a party to a reorganization in pursuance of the plan of reorganization?

It is urged upon us by the petitioner that the distribution of the stock in the Securities Corporation was part and parcel of the general plan of reorganization, the Securities Corporation being " a corporation a party to a reorganization," and that the transaction was therefore nontaxable in 1928 under the provisions of section 112 (b) (3), (g) and (h) of the Revenue Act of 1928, set out in the margin.[1] The respondent maintains, on the other hand, that the organization of the Securities Corporation was not an integral part of the reorganization within the meaning of section 112 (i), Act of 1928, set out in the margin,[2] and, therefore, that the distribution of stock in the Securities Corporation was the distribution of a taxable dividend within the meaning of section 115 (a), Act of 1928, also set out in the margin.[3]

The agreement of consolidation between the two banks provides for the merger of the two banks into one, and for the transfer by each bank, before the effective date of the consolidation, of any assets in excess of the $5,000,000 necessary to make up its contribution to the new corporation " to a trustee or trustees for the ultimate

[1] SEC. 112. (b) (3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

*　　*　　*　　*　　*　　*　　*

(g) *Distribution of stock on reorganization.*—If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

(h) *Same—effect on future distributions.*—The distribution, in pursuance of a plan of reorganization, by or on behalf of a corporation a party to the reorganization, of its stock or securities or stock or securities in a corporation a party to the reorganization, shall not be considered a distribution of earnings or profits within the meaning of section 115 (b) for the purpose of determining the taxability of subsequent distributions by the corporation.

[2] SEC. 112. (i) *Definition of reorganization.*—As used in this section and sections 113 and 115—

(1) The term " reorganization " means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

(2) The term " a party to a reorganization " includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

[3] SEC. 115. (a) *Definition of dividend.*—The term " dividend " when used in this title (except in section 203 (a) (4) and section 208 (c) (1), relating to insurance companies) means any distribution made for a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

benefit of its stockholders upon whatever terms and under whatever conditions shall be deemed proper."

The transfer of the surplus assets of the Citizens National Bank, before the effective date of consolidation, to trustees for the ultimate benefit of its stockholders, was carried out by the Citizens National Bank. By proper corporate action, a dividend was declared of all surplus assets, such assets to be transfered to trustees for liquidation and distribution to the stockholders. The stockholders approved the organization of a securities corporation and authorized the purchase of stock in such corporation with the first $250,000 of the proceeds of the surplus assets, such stock to be distributed to the shareholders according to the stock held, or in the case of a nonassenting stockholder, $1.25 for each share such stockholder would have been entitled to receive. The effect of the declaration of the dividend by the Citizens National Bank of all surplus assets and the subsequent transactions leading to the distribution of the stock of the Securities Corporation was the distribution of a dividend by the Citizens National Bank. There is no evidence that any of the surplus assets were earnings accumulated prior to March 1, 1913.

Neither the two national banks which merged nor the new bank could lawfully have engaged in the business which the Securities Corporation was organized to transact. The agreement of consolidation between the two banks—which is the plan of reorganization—did not provide for the organization of a securities corporation.

While the Securities Corporation was organized during the time the consolidation of the two banks was being effected, it was not a party to such reorganization and is not a corporation resulting from such reorganization. It resulted from the action of the stockholders in authorizing that a part of the surplus assets declared as a dividend should be used in acquiring stock in the Securities Corporation.

The cases of *John G. Lonsdale*, 11 B. T. A. 659; affd., 32 Fed. (2d) 537; certiorari denied, 280 U. S. 525; *William E. Fulton*, 15 B. T. A. 1018; affd., 47 Fed. (2d) 436, are quite similar in essential facts and the conclusion here reached is in accord with the conclusions reached in those cases. See also *Mrs. Frank Andrews*, 26 B. T. A. 642. We hold, therefore, that the distribution of the stock of the First National Securities Corporation of Baltimore to the stockholders of the Citizens National Bank of Baltimore constitutes a taxable dividend from the earnings subsequent to February 28, 1913. The determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*